UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VIRGINIA EGAN,

                        Plaintiff,

              v.

VISITING NURSE SERVICE ASSOCIATION OF
SCHENECTADY COUNTY d/b/a VISITING NURSE
SERVICE OF NORTHEASTERN NEW YORK,

                        Defendants.

**ELECTRONICALLY FILED**

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Civil Action No. 1:17-cv-1172 (TJM/CFH)

       WHEREAS Plaintiff Virginia Egan ("Plaintiff") and Defendant Visiting Nurse Service Association of Schenectady County d/b/a Visiting Nurse Service of Northeastern New York ("VNS") (collectively referred to herein as the "Parties"), agree that the discovery involved in this matter may require disclosure of sensitive and confidential information related to Plaintiff's claims against Defendant, including but not limited to financial and proprietary information regarding VNS, and records in which Plaintiff has a privacy interest;

       WHEREAS the Parties desire to facilitate discovery in this matter while preserving the confidentiality of such information;

       NOW, THEREFORE, it is hereby agreed by and between the Parties as follows:

       1.    "Confidential Information" as used herein means documents and information that contain financial or proprietary information regarding VNS and records

485945.2

in which Plaintiff has a privacy interest, including Plaintiff's own medical records.  Such Confidential Information will be designated as such pursuant to paragraph "8" below.

        2.      Such "Confidential Information" shall not be used for any purposes by the party that receives it, or on such party's behalf, other than in connection with this litigation and shall not be disclosed to any person or entity by such party or such party's counsel, except as provided herein.

        3.      "Confidential Information" may be disclosed to the Parties and to persons who are members of, associated with, or legal assistants employed or experts and/or consultants retained by, the Parties' respective undersigned counsel.

        4.      Nothing contained herein shall restrict any party's counsel from disclosing "Confidential Information" to that party or a prospective witness, expert or consultant for that party where such disclosure is reasonably needed in connection with the litigation and preparation for trial of this action, provided the person to whom such disclosure is made complies with the provisions of paragraph "5" hereof.

        5.      A party or any prospective witness, expert or consultant for a party to whom any "Confidential Information" is disclosed shall, prior to such disclosure, agree in writing, in the form attached hereto as Exhibit "A," to be bound by the terms of this Stipulation and Order.  Counsel by whom Confidential Information is so disclosed will retain any such signed statement and, for any individual who has or should have been disclosed as a witness, counsel shall promptly make it available for inspection by opposing counsel upon request.  Any disclosure of "Confidential Information" to third-

party witnesses, experts, or consultants must be reasonably necessary to the conduct of the litigation.

      6.      Counsel for the respective Parties may utilize, without restriction, all or portions of "Confidential Information" during the course of trial or court proceedings, including but not limited to motions, and during depositions in this matter without obtaining the writing required by paragraph "5" hereof.  Those portions of the transcripts of all such depositions which contain or refer to any "Confidential Information" shall be treated in accordance with paragraph "9" hereof.  Counsel shall retain copies of any transcript of any deposition that contains or refers to any "Confidential Information" in such a manner as to preserve its confidential nature.

      7.      The Parties' respective counsel, and any other person bound by the terms of this Confidentiality Stipulation and Protective Order, shall utilize the "Confidential Information" solely in accordance with the provisions of this Confidentiality Stipulation and Protective Order and, other than as provided herein, will not disclose the "Confidential Information," including any excerpts therefrom, or make it available to any person or entity.

      8.      All "Confidential Information" produced hereunder shall be retained in the possession and control of counsel or person described in paragraph "5" above receiving such "Confidential Information" in such a manner as to preserve its confidential nature, and the designation "CONFIDENTIAL" shall be stamped on any documents and/or information deemed confidential by the party producing such documents and/or information.  Counsel for a party shall mark a document as

confidential only if counsel reasonably believes that the document meets the criteria for confidential information set forth in paragraph "1" above.  If a party discloses a document or documents that are not marked confidential to the opposing party, and subsequently during the course of discovery, the opposing party discloses the same document or documents to the party which previously disclosed it, the opposing party cannot mark the document or documents confidential.

        9. Any "Confidential Information" filed with the Court shall be provisionally filed under seal and kept under seal until further order of the Court.  The party filing "Confidential Information" shall apply to the Court for an order sealing such "Confidential Information."  When any motions or papers are filed which include "Confidential Information," such "Confidential Information" shall be segregated and separately submitted for the convenience of the Court in sealing such material only. This seal requirement does not apply to briefs or other legal arguments.

        10. Upon the termination of this action, including all appeals, each party's counsel will return to opposing counsel all documents and all copies of documents produced hereunder which contain "Confidential Information."

        11. Neither this Confidentiality Stipulation and Protective Order nor the provision of any "Confidential Information" hereunder shall be construed as a waiver of any party's rights: (a) to object to any discovery request on the basis of confidentiality or privilege; (b) to object to the introduction of any "Confidential Information," as defined herein, as evidence at any hearing or trial in this matter; and/or (c) to seek other and

further protections as to any "Confidential Information" that may be offered or admitted as evidence at any hearing or trial in this matter.

12.  Any party may apply to the Court for modification of this Confidentiality Stipulation and Protective Order, including but not limited to a change or removal of a confidentiality designation on a particular document or documents, at any time upon fourteen (14) days' written notice to opposing counsel, provided, however, that: (a) any party may remove a confidentiality designation made at such party's request without leave from the Court at any time upon written notice to opposing counsel; and (b) before making any application to change or remove a confidentiality designation, the party seeking such change or removal shall make a written request to the other parties for such change or removal to be effective within ten (10) days of receiving such request if no objection is made within such ten (10) days.  An application to the Court to change or remove a confidentiality designation shall be governed by Local Rule 7.1(d) and Rule 37 of the Federal Rules of Civil Procedure.

13.  The Parties agree to treat all "Confidential Information" in connection with any appeal in this action as similarly subject to the provisions of this Confidentiality Stipulation and Protective Order.  This does not apply to briefs.

Dated:  February 23, 2018                      BOND, SCHOENECK & KING, PLLC

By: s/Robert F. Manfredo
    Bar Roll No. 515487
    Email:  rmanfredo@bsk.com
*Attorneys for Defendant*
22 Corporate Woods Blvd., Suite 501
Albany, New York 12211
Telephone:  (518) 533-3202

Facsimile:  (518) 533-3299

D'ORAZIO PETERSON LLP

By:   */s/ Giovanna D'Orazio*
      Giovanna D'Orazio, Esq.
      Bar Roll No.: 515574
Email: gad@doraziopeterson.com
Scott M. Peterson, Esq.
Bar Roll No.: 513186
Email: smp@doraziopeterson.com
*Attorneys for Plaintiff*
125 High Rock Avenue
Saratoga Springs, NY 12866
Telephone: (518) 308-8339
Facsimile: (518) 633-5106

SO ORDERED.

Dated: _____, 2018

_____
Hon. Christian F. Hummel
U.S. Magistrate Judge

485945.2

**EXHIBIT A**

AGREEMENT CONCERNING MATERIAL COVERED BY A CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK ON FEBRUARY ___, 2018

The undersigned hereby acknowledges that he/she has been given a copy of and has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Northern District of New York, in the action entitled *Virginia Egan v. Visiting Nurse Service Association of Schenectady County d/b/a Visiting Nurse Service of Northeastern New York*, Civil Action No. 1:17-cv-1172, understands the terms thereof, and agrees to be bound by such terms.

Dated: _____          _____
                                                                Signature

485945.2